MARY E. BAINES, Wife of I. N. MAYNARD, *v.* J. W. BURBRIDGE & CO.

An action of revendication may be defeated, by proof of an outstanding title in a third person ; for the plaintiff in such an action must succeed by the strength of his own title. But such proof might be rebutted by proof of disclaimer of title by such third person. In the same manner, a title derived from a person pretending to act under a power of attorney, which did not confer the authority to make the title, is valid, if it be proved that the mandator has ratified the act of his agent.

Where a person acting under a power of attorney which did not contain the power to donate, made a donation *propter nuptias*, which donation was ratified by the principal after the marriage had taken place—*Held:* That this act of ratification was not a constitution of dowry after marriage ; for every ratification relates back to the time of doing the act or making the contract ratified.

Where a married woman confessed judgment upon a debt of her husband's, for which she had made herself surety by notarial act—*Held:* That such confession was but the complement or consummation of a contract which the law prohibits, and which was, consequently, null.

A married woman is not estopped, by confessing judgment, from afterwards denying that the debt enured to her benefit.

APPEAL from the District Court of the Parish of West Feliciana, *Haralson*, J. *Powell & Wickliffe*, for plaintiff. *Collins & Leake*, for defendants and appellants.

BUCHANAN, J. This is an action of nullity and injunction instituted by a married woman, against a judgment and execution thereupon issued. The judgment was rendered against plaintiff herein and her husband, by confession. She pleads

that the debt for which she confessed judgment, was a debt of her husband's, which did not enure to her separate interest, but for which she had become surety of her husband to the judgment creditor, (defendant herein,) in contravention of a prohibitory law, and acting under marital influence, and in ignorance of her rights.

The evidence establishes that the debt upon which judgment was confessed, was a debt of plaintiff's husband, for which she had made herself surety by notarial act.

It is also proved that the slaves seized in execution of the judgment, and of which the sale is enjoined, were in part the dotal, and in part the separate paraphernal property, of the plaintiff.

The defendants and appellants made the following points before this court :

1st. That plaintiff's petition contains no allegation which might not have been pleaded in the case of *G. W. Burbridge & Co.* v. *I. N Maynard et al.* and therefore the injunction against the execution of the judgment in that case cannot be maintained upon these allegations.

2nd. That the donation of slaves *propter nuptias*, which is plaintiff's title to a portion of the slaves mentioned in the petition, is void, having been made by a person acting under a power of attorney, which did not contain the power to donate.

3rd. That the ratification of the donation by the principal, being made after the celebration of the marriage, could produce no effect, as dowry cannot legally be constituted during the marriage.

4th. That the judicial confession of plaintiff cannot be avoided for error of law.

I. The injunction prayed for herein, is but auxiliary to the action of nullity, a conservatory measure, instituted to keep matters in *statu quo* until the determination of the validity of the judgment upon which the seizure is based.

II and III. The power of attorney from *Jacob B. Maynard* to *Isaac N. Maynard* is a power to sell, but not to donate.—It might well be doubted whether the former included the latter. But the donation was followed by possession in the donee, of twelve years and upwards, to the knowledge of the mandator, whose name had been used as donor in the contract, by his mandatory. And the property donated, is not now seized as the property of the mandator, but as that of the mandatory and of the donee. It is true, that an action of revendication may be defeated, by proof of an out-standing title in a third person ; for the plaintiff in such an action must succeed by the strength of his own title. But such proof might be rebutted, by proof of disclaimer of title by the third person. In like manner, a title derived from a person pretending to act under a power of attorney, which did not confer the authority to make the title, is valid, if it be proved that the mandator has ratified the act of his agent. C. C. Article 2979. In the present case, *Jacob B. Maynard* ratified, in the most formal manner, by notarial act, the donation made in his name by *Isaac N. Maynard* about one year after the date of said donation, and eleven years before the seizure herein enjoined. And that act of ratification and confirmation was not a constitution of dowry after marriage : for every ratification relates back to the time of doing the act, or making the contract ratified. *Bloodsworth* v. *Jacobs*, 2 An. 24 ; *Dunbar* v. *Bullard*, 2 An. 810.

IV. The cause alleged for revoking the confession of judgment is something more than an error of law. That confession was but the complement or consum-

BAINES
*v.*
BURBRIDGE.

mation of a contract (that of a married woman as surety of her husband) which the law prohibits, and which was consequently null. C. C. 2412. The plaintiff is not estopped, by confessing judgment, from denying that the debt enured to her benefit.

It will be observed that there was no evidence adduced, either in the original suit, or in the present controversy, to show that the consideration of the notes sued on enured to the benefit or advantage of the plaintiff. The judgment was rendered simply on her confession, made out of court, in the presence of her husband, and under his influence. It is a naked acknowledgment, and nothing more. *Patterson* v. *Fraser*, 5 An. 586.

Judgment affirmed, with costs.