EDMUND L. F. HARDCASTLE vs. THE MARYLAND AND DELAWARE RAILROAD COMPANY.

## Mandamus—Practice.

Under the terms of the Act of 1858, ch. 285, a petitioner for a *mandamus* may properly demur to the answer.

The writ of *mandamus* cannot properly be granted to a party applying therefor, who has previously, for the same causes of complaint, instituted proceedings in equity, under which full, complete and specific relief may be afforded him.

APPEAL from the Circuit Court for Talbot County.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ALVEY, J.

*Philip Frank Thomas* and *I. Nevett Steele* for the appellant.

The writ upon the pleadings was issued prematurely. The case was not set down for final action by the Court upon petition and answer, but the answer was demurred to as insufficient, and thereupon the Court, being of opinion that it was insufficient, instead of ordering a new answer to be filed, or upon default thereof, directing the case to be heard upon petition and answer, immediately ordered the writ to issue. This was altogether irregular and erroneous. A demurrer to an answer is a new species of pleading, for which it will be difficult to find a precedent, and it was not authorized by Art. 59 of the Code of Public General Laws. *Tapping on Mandamus*, 7, 8, 369, 414; *Alexander's Ch. Pr.*, 64–66; *Story's Eq. Pl.*, ch. 19, sec. 877.

The appellee had adequate remedies at law and in equity, and in the pending action referred to in his answer.

*Trover* for the conversion by the appellant of its property would have given it ample compensation in damages, for the wrongs complained of, and equity could decree that he should

Hardcastle *vs.* Maryland and Delaware Railroad Company.

surrender to the Company the books and papers in question, if it were entitled to them. This proceeding was, therefore, wholly unnecessary and vexatious, and the plea in abatement set up in the appellant's answer should have been sustained. *Ex parte Holloway*, 30 *Eng. L. & E. Rep.*, 240; 2 *Daniel's Ch. Prac.*, 144 *et seq.*; *Story's Eq. Pl.*, ch. 14, secs. 736–744; *Tapping on Mandamus*, 20, 21–23; *Rex vs. Hopkins*, 1 *Ad. & Ellis*, 161–169; *Anon.*, 2 *Chitty*, 255; *Rex vs. Wheeler*, *Cases t. Hardwicke*, 98; *Smith et al. vs. Erb et al.*, 4 *Gill*, 459; *Booze vs. Humbird*, 27 *Md.*, 1.

*Alexander Randall*, for the appellee.

The writ of *mandamus* was the only effectual remedy. *Tapping on Mandamus, margin*, 19, 49, 50, 52; *State vs. Evans*, 19 *Md.*, 374, 94, 102, 264; *Moses on Mandamus*, 59, 108, 148, 152, 153, 154; *Evan's Prac.*, 524, 527; *Bordley vs. Lloyd*, 1 *H. & McH.*, 27; *Rex vs. Wildman*, 2 *Strange*, 880; *Com. vs. Athern*, 3 *Mass. Rep.*, 287; *Taylor vs. Henry*, 2 *Pick.*, 397; *The People ex rel. Brewster vs. Kilduff*, 15 *Ill.*, 492; *The People ex rel. Cummings vs. Head*, 25 *Ill.*, 325; *The People ex rel. Fuller vs. Hilliard*, 29 *Ill.*, 420.

A *mandamus* is not now regarded as a prerogative writ, but as an ordinary process in cases to which it is applicable. *Com., &c. vs. Dennison*, 24 *Howard*, 97; *Kendall vs. The United States*, 12 *Peters*, 615; *Booze vs. Humbird*, 1 *Md.*, 1.

[As the Court refrained from expressing any opinion upon the merits of the case, the argument of counsel thereon is omitted.—REP.]

BRENT, J., delivered the opinion of the Court.

This case comes before us upon an appeal from an order of the Circuit Court for Talbot county, directing a *mandamus* to issue against the appellant, commanding him to deliver to the President of the Maryland and Delaware Railroad Company, or to some other duly authorized agent of that company, certain subscription books or lists, and original copies of letters relating to the business of the company.

These papers, it is charged in the petition for a *mandamus*, came into the possession of the appellant while he was President of the company, were held by him in his official capacity, are important and necessary to the proper management of the business of the company, and should have been surrendered, as was other property, upon the termination of his office of President, and the election and qualification of his successor.

The answer of the appellant sets out at considerable length the several facts relied upon in reply to these allegations; and also pleads that a bill in equity for an injunction, discovery, and general relief for the identical causes of complaint contained in the petition was at the time being prosecuted against him, by the appellee, in the Circuit Court for Talbot County. The petitioner demurred to the answer, and in this state of the pleading, the case was heard and decided by the Court below.

It is objected by the appellant, that in a proceeding for *mandamus* a demurrer to the answer is irregular and erroneous; and this presents the question of the propriety of the demurrer in this case.

It is true that the Act of Assembly of 1858, ch. 285, relating to *mandamus*, which is incorporated in the Code, Art. 59, is closely alike in its provisions to the Statute of 9 Anne, ch. 20. The authorities cited by the appellant's counsel are very conclusive, that the Courts of England in construing that statute, have held that a petitioner for a writ of *mandamus* could not demur to the return made thereto by the defendant. This seems to have been the settled rule until changed by the statute, 6 and 7 Vic., ch. 67, which confers in express terms the right of demurrer upon a petitioner. This technical rule, however, has not been adopted in our practice. We have avoided the great inconvenience which grew out of this construction by the English Courts, of the Statute of Anne, and which gave rise to their practice of a " *concilium,*" supplying to some extent the purposes of a demurrer. This latter practice has never existed in this State, so far as we are informed, while demurrers have been adopted and used as the proper

and regular mode of presenting to the Courts the insufficiency of the return filed to a petition for a *mandamus.* Although this question has not before been distinctly presented to this Court, the right to demur was recognised in the case of *Eichelberger vs. Sifford & Lorentz,* 27 *Md.,* 320, and we are not disposed to question the propriety of its recognition. In that case, in the opinion of the Court, p. 328, it is said, "the appellant's answer presents both matter of law and matter of fact in defence, verified by his affidavit. It was incumbent upon the *petitioners* to take issue or *demur* to these several defences." This case was decided in 1867, and we regard it as authoritative upon the right of a petitioner to demur under the terms of the Act of 1858. In this view of the construction of that Act, we must overrule the objection of the appellant, and hold that the demurrer filed in this case is proper and regular. We shall therefore consider the case as before us upon the petition and answer, with the statements set out in the answer confessed by the demurrer to be true.

The character of the writ of *mandamus* is too well settled to admit of any question. It is in the nature of a prerogative writ and cannot be demanded *ex debito justitiæ. Weber, et al. vs. Zimmerman,* 23 *Md.,* 53; *Tappan on Man., (m)* 5; *Moses on Man.,* 18. The power to issue or withhold it rests within the sound discretion of the Court, to be exercised "under the rules long recognised and established at common law." That it will not be granted if the party has another adequate and specific remedy is fully supported by authority. It is not, however, a sufficient answer to an application for a *mandamus* that the party might have redress in a Court of Equity, for when the writ is refused because there is another specific remedy, that remedy must be at law. *Tappan on Man., (m)* 22, *and note k; Moses on Man.,* 18; 10 *Wen.,* 393; 7 *Cush.,* 226. But the rule is otherwise if the party asking for the writ has, before that time, gone into a Court of Equity, and there instituted proceedings under which all the relief may be obtained, that is asked for in an application for a *mandamus.*

Hardcastle *vs.* Maryland and Delaware Railroad Company.

In *Tappan on Man.*, (*m*) 23, it is said, "so where it appears * * * that the right, respecting which the *mandamus* is sought, is already the subject of a suit in equity between the parties, the Court will not interfere and grant the writ." This doctrine seems to have been considered as settled since the decision by LORD HARDWICKE, in the case of *The King vs. Wheeler, Hard. Cas.*, 99, and is in accordance with the rule, that a party is not to be vexed by a multiplicity of suits for the same cause of complaint. In the case before us the answer of the appellant sets forth and pleads the pendency of a suit in equity. It alleges that the railroad company, the appellee, had filed and is now engaged in prosecuting "its bill on the equity side of the Circuit Court for Talbot county, and therein set forth the identical causes of complaint against this defendant, as are stated and contained in the said petition in this case, praying for the issuance of a writ of injunction, which has been already granted and sued out of the said Court, and served on this defendant, enjoining and strictly forbidding this defendant from interfering with, or dealing with, or surrendering to any person whatever, except to the officers or agents of the said company thereto duly authorized, any books, papers, subscription books, or subscription lists or papers, or copies belonging to the said company, or received by him as President thereof, or appertaining to the business of said company, until the further pleasure of the said Court should be known: and also praying that this defendant may, upon his corporal oath, discover and fully disclose to the said Court, the substance and particulars of all and singular the letters and communications that he may have written or received as President of said company, concerning its business and affairs, * * * and for other and further relief." From this plea, conceded to be true by the demurrer, setting forth the pending proceedings in equity, it is made apparent, that they embrace the same causes of complaint against the appellant that are assigned in the petition before us as cause for the writ of *mandamus*. The bill asking, as it does, for an injunction, dis-

covery and general relief, is within the unquestioned jurisdiction of a Court of Equity, and enables it to grant all the relief to which the complainant may be entitled in as full and specific a manner as he could have under a writ of *mandamus.* The appellee having, therefore, elected to proceed in equity, where full, complete and specific relief may be afforded him for the matters complained of, there was error in the Court below in ordering the writ of *mandamus.*

We express no opinion upon the merits of this controversy, it being unnecessary for the purposes of this case, and improper for us to do so in view of the fact that the matters in difference between the parties are pending in another form of proceeding not before us.

> *Order reversed, and petition for*
> *mandamus dismissed.*

(Decided 14th January, 1870.)