## No. 6962.

### JOHN O'CONNOR ET AL. VS. SHERIFF ET AL.

30 441
109 776
109 782

30 441
117 580

Matters that could have been urged by way of defense, on the original trial of a case, and on appeal from the judgment in the case, afford no grounds for enjoining the execution of that judgment.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea, J.*

*Herron & Bird* and *Beal* for plaintiffs and appellants.

*Jno. H. Lamon,* District Attorney, for defendants and appellees.

The opinion of the court was delivered by

SPENCER, J. In June, 1876, affidavit was made against Brown, Tennant, and others, charging them with shooting on sixteenth June, 1876, one James Ellis, with intent to murder.

Warrants issued and the parties were arrested and committed.

Brown and Tennant applied, on fifteenth July, for preliminary examination and the district judge granted an order therefor. An order was also granted fixing the bonds of accused at $500 each, to appear and answer the charge "of shooting with intent to kill."

On August 12, 1876, Brown and Tennant, as principals, entered into bond with O'Connor and others (plaintiffs herein) as sureties, in the sum of $1000, for their appearance in the Fifth District Court on seventh November, 1876, pursuant to said order.

At the March term, 1877, the grand jury found an indictment against

Brown, Tennant, and others for the murder of one James Ellis on the sixteenth June, 1876.

On April 7, 1877, judgment was rendered forfeiting said bond and giving judgment against the principals and sureties therein *in solido* for $1000.

The sureties took a devolutive appeal from this judgment of forfeiture, which is now pending in this court.

A writ of *fi. fa.* having issued on this judgment of forfeiture, the sureties bring this suit to enjoin the sale of their property seized thereunder, and to annul the judgment, for the following reasons:

1. That "there is no such bond ordered. It does not appear, and the fact is no such bond as the one forfeited, and on which execution has issued, was ever ordered by any competent authority."

2. "That at the time of the forfeiture there was no such charge pending against the principals as that mentioned in the forfeited bond."

3. "At the time of signing said bond there was no charge pending in the Fifth District Court against said principals."

4. "There never was and never has been in said court any charge against them for shooting with intent to kill."

5. "There is no such offense known in Louisiana as that described in the bond."

6. That petitioners had no opportunity before judgment to urge these defenses.

The defendants in injunction filed sundry peremptory exceptions, and, among others, that the grounds alleged could only be urged as matter of defense in the court below, or on appeal from the judgment in the proceeding for forfeiture, and could not be set up by way of injunction and action of nullity against that judgment.

The court below dissolved the injunction and rejected plaintiffs' demands. They took a suspensive appeal, but failing to prosecute it, the attorney for the State has procured and filed the transcript and prays for affirmance of the judgment, with an amendment, allowing general and special damages.

We think the exception above stated was well taken. All the grounds alleged by plaintiffs were matters determinable by the record of the proceeding in the case of the State vs. Tennant et al., in which the judgment of forfeiture was rendered. It is well settled that matters which can be urged by way of defense, and on appeal, afford no grounds for an injunction. This case is not distinguishable from that in 13 A. 111. See 14 A. 656; 25 A. 538; and 26 A. 34. We do not think this a proper case to award damages.

We see no error in the judgment appealed from, and it is therefore affirmed with costs.