No. 8734.

THE STATE OF LOUISIANA EX REL. THE ORLEANS RAILROAD COM-
PANY VS. THE JUDGE OF THE CIVIL DISTRICT COURT FOR
THE PARISH OF ORLEANS.

A *mandamus* lies to compel a District Judge to sign *de novo* a final judgment improperly
    signed by him. An appeal is not the only mode to test the validity of such signature.
Such judgments do not become final unless upon being signed in the manner and form pre-
    scribed by law.

APPLICATION for a Mandamus.

*Chas. Louque* for the Relator.

*F. W. Baker* and *A. J. Murphy* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel
the District Judge to sign a final judgment.

In verification of the return that the judgment is signed, the original
of what is claimed to be the judgment signed is transmitted to this
Court with the answer.

It is a document, the first part of which has the form of a final judg-
ment rendered in the case, concluding with the words: "Two thou-
sand dollars and costs of suit," under which the following are written:
"Judgment rendered February 23d, 1882." Next to the line on which
this is found and on the following line, the word *remittitur* is alone
written. It is followed by a motion, beginning on the next line, made
by counsel for plaintiff in the case, to be permitted to enter a *remittitur*
of one thousand dollars. This motion is followed by the words:
"Judgment signed April 10th, 1882. H. L. Lazarus, Judge."

The whole (judgment and motion) is on the same sheet of paper.

It is urged that it is strange that nothing but a question of fact is
involved and that the relator does not aver it to be otherwise than as
recited by the respondent.

The question presented, in our view, is not only a question of fact
whether a signature exists, but also a question of law whether that
signature is the signature required by law to a final judgment. The
question is, was the judgment legally signed?

No question purely of fact was at issue when this Court was twice
called upon to determine whether the signing of the "reasons" was
the signing of the judgment. The question was a legal one, the fact
of a judicial or official signature being admitted, whether that signa-
ture was the signature of the judgment. The Court held that the

"reasons" do not form part of the judgment and that the signature of the "reasons" is not the signature of the judgment. See the Davidson case, 23 An. 108; 10 An. 261, 640; the Saloy case, 30 An. 63.

Neither was a pure question of fact presented, when the Court was asked to compel by *mandamus* the re-signature of a judgment signed by a Judge during vacation. The Court held that a judgment then signed had not been legally signed and that the writ would lie to compel seasonable signature at the next term of court. Vide 26 An. 119, State ex rel. vs. Judge 5th District Court.

On the motion to dismiss made here in the case in which the judgment was rendered, we said that the judgment had not been signed as the law requires and the appeal was finally dismissed.

What was signed in this case is not the judgment but the motion for authority to enter the *remittitur, which does not form part* of the judgment, particularly when the *remittitur* authorized was not entered and acted upon. Authority to do an act is not equivalent to the doing of the act. The former is the *antea*, the latter the *postea*. Had the date of the signature and the signature immediately followed the judgment and preceded the motion termed *remittitur*, it could have been well claimed that the judgment had been legally signed, however glaring the fact be that the District Judge never intended to render, or at least maintain a judgment for *two* thousand dollars; but the date and the signature were not thus placed. As already said, it has been held that the signing of the reasons is not the signing of the judgment. 23 An. 180; 30 An. 63.

It was also decided that the signing of the minutes is not the signing of the judgment. Vide Scott case, 24 An. 259; 17 L. 485; 4 R. 52.

It has likewise been determined, that although the signature of the Judge was affixed to the final judgment, it is not the signature which closes the door on the judgment, as to one of the parties, when the Judge had granted a new trial on general terms. 20 An. 555, Converse vs. Bloom.

It is not correct to say that where a judgment was improperly written and signed, the *only* method of correcting such error is by appeal. The brief language of the Court in 20 An. 558, invoked in support, must be considered as modified by the considerate subsequent action and ruling in 26 An. 119, already referred to, in which a Judge was compelled by *mandamus* to sign *anew* a judgment signed during vacation. It, therefore, follows, that the question is examinable and determinable, also, in a *mandamus* proceeding.

From the fact that the relator has, in the motion and bond of appeal and in a previous proceeding, alleged that the judgment was signed, it is not to be deduced that the validity and effect of such signature can-

not be subsequently attacked. The admitted fact that the signature was given does not preclude the charge that it was *illegally* given. 32 An. 962.

The relator has not admitted that the signature had been properly and legally affixed. Had this been done, a different question would be presented, in which the Court might have been called upon to consider whether an error of law can or not be invoked as the means of preventing a loss. The authority in 5 An. 18 has no bearing to a case like the present one.

Signatures given in such circumstances do not satisfy the requirements of Art. 546, C. P.

The Judge must make the judgment final by his signature thereto. Vide 17 L. 485 ; 4 R. 52.

It is no doubt true, as claimed by the defense, that "in giving judgment such conditions may be annexed as may be equitable and necessary as to protect the party cast against further prosecutions," but we are at a loss to perceive how the principle invoked can receive application to the instant case, in which no condition whatever was annexed to the judgment which, the defendant says, " was never altered or changed in any manner."

Judgments rendered do not become final unless upon being signed in the manner and form prescribed by law.

The District· Judge was scrupulously right in submitting to this Court, directly, the question of the validity and legal effect of his signature to the judgment in question. The adjustment now made by this Court, on the issue herein presented, will, no doubt, at least allay his conscience and justify him in signing the judgment in the mode in which we think it should be done.

It is, therefore, ordered and decreed, that the alternative *mandamus* herein issued be made peremptory, and that the restraining order granted be made perpetual.