### No. 9806.

### MRS. REBECCA FELIX VS. O. V. WAGNER, SHERIFF, ET ALS.

The Act No. 38 of 1856 provided a peculiar system of government for the parish of Jefferson, under which the various corporations composing the parish, and not therein named, were to be represented on a parish committee which were to apportion the general parish expenses between the several corporations, and the latter were to pay the same out of the funds raised by the exercise of their own powers of taxation.

When, subsequently, the city of Kenner was incorporated and vested with taxing and other municipal powers, it became one of the "corporations composing the parish of Jefferson," and fell under the operation of the Act of 1856, by the effect whereof she was entitled to representation in the parish committee, and to pay her share of general expenses through the assessment of that committee and without direct parochial taxation.

Such has been the construction of the law after its passage. The city of Kenner has never been awarded representation on the police jury, but has been excluded therefrom; and has been always recognized as entitled to representation on the parish committee and subject to its assessments, which have been annually made.

Acts No. 58 of 1874 and No. 119 of 1884, exhibit a similar interpretation of the law.

The power assumed by the police jury, on which Kenner was not represented, in 1878 and

subsequent years to levy direct taxes on Kenner, while she was, at the same time, sub-
jected to assessments by the parish committee, cannot be supported. It would involve
taxation without representation and the imposition of double burden, besides contra-
vening the law of the State as interpreted by the parochial authorities, by the Legisla-
ture of the State and by the local judge of the district.

This case does not fall within the general rule that incorporated towns, in absence of special
legislative exemption, are subject to police jury taxation, which is not abraded.

A PPEAL from the Twenty-sixth District Court, Parish of Jefferson.
Rost, J.

*J. D. Rouse* and *A. E. Billings* for Plaintiff and Appellee.

*B. C. Elliott* and *Thos. C. W. Ellis* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J.    The issue in this case is whether or not the late police
jury of the parish of Jefferson, left bank, had authority to impose and
collect taxes upon the property of plaintiff, situated in the town of
Kenner, which taxes said police jury assumed to levy during the years
1877, 1878, 1880, 1881, and 1882.

Under the parochial system prevalent in this State, the powers of
government have generally been confided to bodies known as police
juries, having jurisdiction over the entire territories of the parishes.

But for nearly half a century, the parish of Jefferson has been an
exception to this general rule.

Prior to 1845 the whole parish was subject to the jurisdiction of a
single police jury; but, in subsequent years two municipal corpora-
tions were created from its territory, viz: Carrollton and the city of
Jefferson, both of which were expressly exempted from police jury
control.

Under these conditions, in 1856, the legislature adopted the Act No.
138 of that year, entitled "An act authorizing the appointment of a
parish committee by the several corporations composing the parish of
Jefferson."

This act required the several corporations to appoint delegates, on a
basis of representation therein fixed, to form a parish committee, and
imposed upon this committee the duties "to determine and fix the *pro
rata* of contribution by each corporation towards defraying the ex-
penditures which by law bear upon the whole parish, the ratio thus
established to be based upon the proportion of State taxes assessed
within the limits of each corporation; 2d, to examine all bills or claims
which may be set up against the parish and to report upon them to
the several councils and police jury, who shall act finally thereupon.'

In 1858 there was a further division of the territory into the right bank and left bank of the Mississippi, each of which was under the government of a separate police jury.

The act of 1856 continued in force and has never, to this day, been repealed; and the parish committee authorized thereby has always discharged the functions therein directed.  Act 107 of 1858.

In 1873 the town of Kenner was incorporated and vested with powers of taxation and other municipal powers.  Act 71 of 1873.

The town was composed of territory which had theretofore been under the jurisdiction of the police jury of the left bank, and the charter contained no express exemption from parochial taxation or police jury control.

The general principle is undoubtedly well established that the incorporation of a town within the limits of a parish does not exempt the property and the inhabitants thereof from parochial taxation, unless such exemption is expressed in some legislative act.  Cook vs. Dendinger, 38 Ann. 261; Iberia vs. Chiapella, 30 Ann. 1143; Benefield vs. Hines, 13 Ann. 420; Maurin vs. Smith, 20 Ann. 445.

But inasmuch as the act of 1856 continued in force, providing for "the appointment of a parish committee by the several corporations composing the parish of Jefferson," and inasmuch as the then existing corporations were not named therein, it seems to have been assumed, and not without reason, that the mere creation of Kenner into a corporation vested with the taxing power, brought it within the operation of the act and of the system of parish government established thereby under which each corporation exercised exclusive powers of taxation within its own limits and contributed from the funds thus raised its *pro rata* of general parish expenses under the direction and control of the parish committee.

Hence we find that Kenner was recognized as entitled to representation on the parish committee and its *pro rata* of general parish expenses was regularly apportioned to it from year to year; and the police jury of the left bank never assumed to levy a tax on property in Kenner prior to 1878.

It further appears that in 1877, under the provisions of Act 57 of 1877, the police jury redistricted the left bank into wards, for the purpose, amongst others, of electing police jurors to represent the several wards, and Kenner was not included in any ward, and was not awarded and has never enjoyed any representation on the police jury.

In 1877, the police jury levied its tax on all property "not exempted by law," and it is in evidence that such had been the form in previous

years, and that the meaning and design of the exemption expressed was to exclude Kenner from the parish tax.

In 1878, the police jury levied its tax on "all property" without stating the above exemption.

In 1880 and subsequent years, the jury expressly levied the tax now claimed on property in the town of Kenner.

It does not appear whether any steps were ever taken to enforce this taxation; but it is shown that during all these years, Kenner had no representation on the police jury, and that the parish committee continued to recognize Kenner as entitled to representation therein, and continued to assess against her a proportion of general parish expenses to be paid out of the taxes levied by the corporation, precisely as in the case of the other corporations composing the parish.

The exclusion of Kenner from representation on the police jury and her inclusion in the parish committee and her assessment therein, are entirely inconsistent with the power claimed of subjecting her to direct police jury taxation; for the first involved taxation without representation, and the last subjected her to double burdens.

The legislative interpretation of the law seems to have been of similar import. The Act No. 58 of 1874, in providing for the construction of a road in the left bank of the parish, recognized the police jury of the left bank, the city of Carrollton and the town of Kenner, as independent corporations, and required each of them, separately, to pass the necessary ordinances and to levy the requisite taxes for the payment thereof, thus placing Kenner on the same footing with Carrollton.

Again, the Act No. 119 of 1884, which abolished the duplex police jury system and placed the right and left banks under the control of a single police jury, does not repeal the act of 1856, and seems to recognize the independence of Kenner and its exemption from direct parochial taxation, because, in dividing the territory subject to the new police jury into wards, it excludes the city of Kenner.

Finally, the judge a quo, who presides over the district, in an able opinion, reaches the same conclusion.

Confronted with this clear, customary, legislative and judicial construction of the effect of these laws, with the strong reasons by which it is supported, and with the manifest injustice which would result from subjecting Kenner to these taxes which have been levied by a body in which she has had no representation, and which, if enforced, would subject her to burdens which have already been imposed on her by the parish committee in a different form, we feel bound to affirm the judgment appealed from.

Judgment affirmed.