No. 9824.

MOHR, HANNEMAN & CO. vs. FERDINAND MARKS.

The judgment of court awarding an insolvent a discharge from his debts has no other or further effect than one homologating the *proces verbal* of the proceedings of the meeting of his creditors granting the discharge.

The creditors are called before a notary by summonses issued pursuant to an order of court. This is not a technical citation.

Proceedings in matters of insolvency are of a *summary* character.

Notwithstanding the exclusion of *parol* testimony for the purpose of correcting, amending or supplementing the return of the sheriff upon a citation, the party urging it as an objection will be estopped, if he has previously introduced parol testimony on the subject.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

*J. O. Nixon, Jr.*, for Plaintiffs and Appellees.

*Braughn, Buck, Dinkelspiel & Hart* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.   The plaintiffs, as judgment creditors of the insolvent defendant, have brought this direct action against him, to have annulled and declared of no effect, the proceedings taken by him, under the State insolvent law, and whereby he claims to have been duly and legally discharged from the claims and demands of his creditors against him.

They allege that said proceedings are null and void and of no effect, in respect to their judgment, for the following reasons, viz:

1st.   That they received no notice whatever of same.

2d.   That the *proces verbal* of the proceedings of the meeting of the creditors is incorrect in reciting " that Ferdinand Marks was granted a discharge by his creditors."

That the fact is, as will appear from an inspection of the schedule and the *proces verbal*, that the majority in number and amount of the creditors did not vote for his discharge.

They pray judgment decreeing the nullity of the certificate and *proces verbal* of the notary, and that they are entitled to proceed with the execution of their judgment against the defendant.

I

The defendant tendered the peremptory exception of no cause of action, because the suit is directed against the *proces verbal* of the notary, and not against the formal decree of the court discharging the insolvent.

We do not regard the objection as well taken.   The judgment has no other or further effect than one of homologation of the proceedings of the creditors before the notary.   It is predicated upon the proceedings of the creditors and evidences their regularity only.

II.

In answer the defendant pleads his discharge, which he avers was perfectly regular and legal and operates his absolute release from the plaintiff's judgment, and that same is a complete bar to any further proceedings thereon.

He represents that upon the schedule of his debts the plaintiff's name and claim were entered.

That all the creditors, whose names appear thereon—including plaintiffs—were duly summoned and notified of his surrender and proceedings for discharge.

But if the plaintiffs were not notified, it was the fault of the sheriff, whom they call in warranty.

The only question that is insisted on here is the absence of any summons and the want of notice to them of the proceedings for defendant's discharge.

## I.

The law provides that "in all the deliberations which shall take place between the creditors, either for the choice of syndic or for the sale or disposal of the property surrendered, *or for any other object* relative to the interest of the mass of the creditors, *the opinion of the majority* of the creditors in number and amount shall prevail," etc. Rev. Stats., sec. 1799; R. C. C. 2177.

"A cession of property *discharges* all the debts which the debtor placed on his *bilan* * * provided a majority of his creditors in number, and who are also creditors for more than half of the whole sum due by him, agree to such discharge." R. C. C. 2177.

The meeting of creditors is called at the office of some notary, by order of the judge, "at which meeting the creditors shall be *summoned* to attend by process issued from the court" if the creditors reside in the parish, "or by letters addreessed to them by the notary, if they are not residing in the parish."

Those residing out of the State are not summoned to the meeting. They are represented by an attorney appointed by the judge to represent them. R. C. C. 3087, 3088.

Insolvency proceedings are *summary* in their character and carried on in chambers out of term time and before a notary, and without the observance of the strict formalities required in ordinary cases. C. P. 98, 755.

Hence the law provides that the creditors "shall be *summoned* to attend by *process* issued from the court." R. C. C. 3087.

Formal citation is not required as in ordinary suits. C. P. 170.

There is no form prescribed for the summons, nor for the particular manner of service thereof or the return thereon, or what it shall contain.

This summons has been treated as a citation in the opinions of some of our predecessors, or as having the effect of a citation.

37

In Barnbridge vs. Clay, 3 N. S. 266, they say : "To prevent judicial pursuit by creditors, it is necessary that they should be *cited* in the *jucio de concurso.*   *   *   *

"In the case now under consideration, it is *not shown that the plaintiff had any kind of notice* of the proceedings carried on by the defendant in the *suit* against his ereditors."

In Thomas vs. Breedlove, 6 La. 577, they say : "We lay it down as a first principle of our jurisprudence that *citation* to a defendant, or *something which the law prescribes as an equivalent*, is necessary to the validity of a judgment.   By express statutory provisions of the State, *citation* to the creditors in a *concurso* is required.   *   *

"The article of the Code requires that creditors residing within the parish, when the meeting may be called, should be *summoned* to attend by process issued from the court holding cognizance of the *concurso.*"

In Breedlove vs. Robison, 7 Peters, 434, the Supreme Court in deciding a case arising under the Louisiana insolvent law, say :

"It is unquestionable that *summary proceedings* of this description must be regular, and that their regularity must be shown by the party who relied upon them.   Notice to the creditors is material, and the law prescribes that notice and defines it.   *   *   * Personal *notice* must be given to a resident within the parish, by *proces ;* to a non-resident, by a letter from the notary.   The law decrees this notice indispensable, and the court cannot dispense with it.   For want of it the judgment of discharge was no bar to this action."

It was an ordinary suit to recover judgment on a promissory note.

This doctrine was affirmed in Haydel vs. Girod, 10 Peters 284.

If then the plaintiff did not have the requisite notice or summons to attend the meeting of defendant's creditors, their proceedings cannot operate a bar to this suit.   20 Ann. 864, Burdon vs. His Creditors.

## II.

The record of the defendant's insolvency proceedings does not affirmatively show that the plaintiffs were notified.

The defendant offered to show by *parole* testimony that in truth and fact the plaintiffs had been summoned, but this kind of evidence was objected to, and the objection being sustained the defendant's counsel retained a bill of exceptions.

The grounds of objection were substantially to the effect that service of citation must appear of record, and no other evidence than the sheriff's return can be received to prove it ; that a sheriff's return on a citation cannot be amended or corrected after judgment, so as to

cure nullities resulting from a defective citation; that parol proof cannot be heard as a substitute for the return of the sheriff.

The authorities are to that effect. 3 N. S. 686, Skillman vs. Jones; 10 R. 26, Bank vs. Elam; 11 Ann. 252 Webb vs. Coons; 1 R. 30, Watson vs. Alexander; 21 Ann. 26, 682.

But we have already shown in the preceding paragraph that the one in contemplation of insolvency proceedings was not a technical citation, hence the technical rules governing it do not apply strictly.

Even if it were, the plaintiffs themselves introduced parol evidence on the subject in the opening of their case. They introduced Mr. E. M. Hansel, of plaintiffs' firm, and propounded to him this:

Question—"Did you or your firm ever receive any notice to attend a meeting of the creditors of Ferdinand Marks, by the Civil District Court of the parish of Orleans?"

Answer—"No, sir."

They introduced Mr. A. H. Hanneman and asked him the same question, and received the same answer.

Upon the evidence of those two witnesses, and some documentary evidence the plaintiffs rested their case. By introducing *parol* testimony to show the absence of notice to them, and the want of service upon them, of any process, whereby to acquaint them with the fact that the defendant had applied for a discharge, and had convened his creditors for that purpose, they opened the door for the introduction by defendant of like evidence on the same subject. We think the defendant's bill well taken.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and reversed, and this cause be remanded for the purpose of enabling the parties to introduce the rejected evidence.

The costs of appeal are taxed against the plaintiffs and appellees; the costs of the lower court to await final judgment therein.

Judgment reversed and case remanded.