The opinion of the court was delivered.- by
Nicholls, C. J.
The State Auditor is appellant herein from a judgment of the Civil District Court for the Párish of Orleans, rend *1257 ered 30th of March, 1900, commanding him to issue his warrant to the relator, the State Board of Health, for the sum of five thousand dollars or so much thereof as might be necessary for the expenses of said Board during the current year.
Relator’s petition alleged that the General Assembly of the State of Louisiana at its session in 1898 passed an Act, No. 55 of that session, entitled an Act “making appropriation to defray the ordinary expenses of the government; to pay the interest on the public debt and to support schools and public charities in the State of Louisiana • and to build and repair public levees, for the year commencing July 1st, 1898, and ending June 30th, 1899, and the year commencing July 1st, 1899, >and ending June.30th, 1900”, and in the first section of said Act it is provided that the following sums or so much thereof as may be necessary be and the same are hereby appropriated out of any moneys in the State Treasury, not otherwise appropriated, for the following purposes, for the year commencing July 1st, 1898, and ending June 30th, 1899, and the year commencing July 1st, 1899, and ending June 30th, 1900”, and in the same section it is provided on page 79, of the bound Acts for the year 1898, “Five thousand dollars annually ($5,000.00) or so much thereof as may be necessary to afford relief by the State Board of Health to any parish in the event of the appearance of contagious or infectious diseases, in supplying medical assistance, preventive measures, disinfectants, nurses, medicine, clothing, bedding, appliances, disinfecting apparatus, tents, etc., to deal with first eases in time of emergency, to be drawn by the State Board of Health, or its president in such sums as the emergency in its or his discretion may require, same to be paid out of the funds not otherwise appropriated — $5,000. That in pursuance of said appropriation relators having complied with Section 4 of said Act providing for itemized accounts of previous expenditures, applied to -the Auditor for warrants in excess of $5,000.00, to meet expenses already incurred under the appropriation, and that the Auditor, Hon. W. W. Heard, had refused to issue warrants for a sum greater than $5,000.00, for the two years, claiming that the appropriation, $5,000.00, for the two years had already been exhausted, asserting and claiming that, the total amount appropriated for both years was only $5,000.00, and not $5,000.00 for each of the years named and provided in the Act.
*1258 The Auditor resisted the application on the ground that under Art. 45 of the Constitution no money could be drawn from the State Treasury except in pursuance of a specific appropriation made by law.
That Act 55 of T898, p. 79, appropriated only five thousand dollars for the use of the State Board of Health in the country parishes,'the whole of which had been drawn and the appropriation' was exhausted.
That relator’s contention was based on the use of 'the word “annually” in the first line of the clause, but the amount was specific as five thousand 'dollars, not ten thousand; not five thousand for each of the two years, but five thousand in all.
' That the Act made appropriations for the two years .beginning July 1st, 1898, and ending June 30th, 1900, and in every case where an appropriation was made for each of the two years, even annual salaries of constitutional officers, a specific aiDpropriation was made for each year, and wherever a single appropriation was intended one amount was stated, and each of them could be duplicated as well as the one in question.
' That whatever may have been intended by the writer of the clause, it only appropriated five thousand dollars, and if any more was intended it was certainly not specific, as required by the Constitution. Art. 45.
Respondent admits that if relator’s construction of the law is correct, it is entitled to draw not exceeding five thousand dollars more under the clause in question. ' There is no dispute as to the facts.
Relator’s petition gives correctly the title of Act No. 55 of 1898, known as the General Appropriation Act of that year, and the first paragraph of the first section of the same, also the wording of the appropriation for the State Board of Health.
The Auditor is correct in stating that the customary form followed in making appropriations is to specifically mention an appropriation for each of the two years for which it is made, as for instance:
“For salary of the Adjutant General for the year ending June 30th, 1899, Two Thousand Dollars”.
“For the year ending June 30th, 1900, Two Thousand Dollars” — but there is nothing sacramental in this form.
In the fourth section of the Act creating the Board of Health (Act No. 192 of 1898) the General Assembly, after declaring that “it should at all times keep in readiness one or more medical inspectors and nurses, medicines, clothing, bedding, appliances, tents, etc., and other *1259 necessary paraphernalia, so as to repair to any locality in the State that applies to it for assistance upon the outbreak of an infectious or contagious disease, with the view of stamping out the same” declared that “an annual appropriation of five thousand dollars shall be made to start this first help. The local authorities shall keep up the work at their own expense after it has been-started.”
The appropriation made in the General Appropriation Act of 1898, to the Board of Health, is not of a fixed sum of money to be drawn by the Board, absolutely, but of a sum .of money to be drawn upon contingently, to the extent funds might be needed to enable it to comply with the duty imposed upon it.
Neither the amount which would be needed nor the time for which it would be needed, could be determined in advance, as a new system was being inaugurated.
The Legislature meeting only once in two years, it was necessary to contingently provide for the exigencies which might arise between its adjournment in 1898 and the session of 1900.
It is our opinion that with that object in view it provided for an outer limit of five thousand dollars to be possibly expended during each year of the two intervening years.
We do not understand that 'there is any contestation between the Auditor and the Board of Health as to the existence of the state of facts upon which the appropriation is authorized to be drawn, if in fact an appropriation has been made as claimed by relator.
We think relator’s claim is well founded and the judgment of the District Court is correct. It is therefore affirmed!