.42 South. 145.)

No. 16,275.

BEASLEY v. JENKINS.

In re BEASLEY.

(Oct. 15, 1906. Rehearing Denied Oct. 29, 1906.)

1. HUSBAND AND WIFE—DEBTS OF HUSBAND —DISABILITY OF WIFE.

The wife's disability to bind herself for the payment of her husband's debts may be urged after judgment. Even then the disability must be timely urged.

[Ed. Note.—For cases in point. see vol. 26, Cent. Dig. Husband and Wife, § 856.]

2. SAME—PLEA IN FIRST SUIT.

Plaintiff pleaded her disability in the original suit against her. She failed to produce proof. She availed herself of certain averments of record upon which she based her claim of disability. This was owing to an error—a mistake of the clerk in copying documents. The error was corrected, and left her with scant ground of defense upon the score of her disability.

3. APPEAL—WHEN LIES—REMEDY IN FIRST SUIT.

Having filed the plea of disability in the first suit, she must look to her appeal from the judgment (in the original suit) for redress, or to an appeal from the order of the district judge refusing to grant an injunction.

4. JUDGMENT — RESTRAINING ENFORCEMENT— WIFE SURETY FOR HUSBAND — JUDGMENT SOUGHT TO BE ENJOINED.

She alleged no new ground in her application for an injunction against the execution of the judgment which had been obtained against her. She made no showing going to prove that the debt for which judgment had been rendered was her husband's debt. Her cause does not fall within the terms of the decisions in which it is held that, even after judgment, the wife may prove, in proper proceedings, that she was the surety of her husband and that the certificate which had been issued to her was issued in error.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 808–815.]

117 LA.—19

5. MANDAMUS—WHEN GRANTED.

The court will not, in such a case, order mandamus to issue to compel the judge a quo to issue an injunction.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 9.]

(Syllabus by the Court.)

Action by M. R. Beasley against A. F. Jenkins. Judgment for defendant. Application of plaintiff for writ of mandamus. Petition dismissed.

Hall & Jack, for relatrix. Alexander & Wilkinson, for respondent.

BREAUX, C. J. This action was brought by plaintiff to obtain an injunction restraining the defendant from executing a judgment which he had obtained against the plaintiff.

The judge of the district court, to whom the application was addressed, refused to grant the writ of injunction.

The applicant for the injunction then sought to obtain a writ of mandamus from this court to compel the district judge to grant the writ of injunction. She alleged in her application that the debt for which the judgment was rendered was her husband's; that it was originally evidenced by her note and mortgage, signed by her under a certificate of authorization of the district judge; that, after she had signed this note and mortgage, the defendant, Jenkins, instead of paying the money to her, paid it to her husband, who used it in his own business; that the judgment which she sought to enjoin was rendered against her in violation of a prohibitory law enacted for the protection of the paraphernal rights of married women.

We are informed by the respondent judge that in the cause in which the judgment was obtained, and which she sought to enjoin, the relatrix appeared and pleaded prematurity as her sole ground of defense, and that in an amended answer she answered that at least $8,200 of the amount was not her debt, but her husband's, but that on the

trial she offered no evidence to sustain this allegation; that afterward, in the course of the argument, it was sought to make it appear that on the face of the certificate, which the judge had issued to her, authorizing her to mortgage the property, as authorized by articles 127 and 128 of the Civil Code, only part of the amount borrowed by her was for her benefit; that the argument on this hypothesis came to naught by reason of the fact that it was shown that the averment in regard to the said amount grew out of a clerical error of the clerk, who had made a mistake in copying the certificate.

The respondent court, being satisfied of this error, ordered correction to be made instanter.

The respondent judge avers that plaintiff, the defendant in the said original suit, was then left without the least ground of defense. Subsequently—i. e., after correction had been made as just mentioned—the district judge, in passing upon the cause, found that the plaintiff in the said original suit, in which judgment was rendered, had made out his cause; that the relatrix had applied to the district court for authority to borrow the amount; that she failed to impeach or detract from the force or effect of the certificate granted to her, which authorized her to mortgage the property; that the burden of proof was with her to disprove the binding effect of this certificate. Having thus failed, as found by the district judge, it only remained for him to render judgment against defendant in said suit (relatrix here) for the amount sued for.

It also appears in the record that a motion for an order for a suspensive appeal was granted in that suit, and also for a devolutive appeal.

The defendant in said suit perfected her devolutive appeal, which is now pending before this court for decision.

There is no question but that she was offered every opportunity to present her defenses in the original suit heretofore in the district court.

The application of relatrix for the mandamus has the appearance of an attempt to gain or obtain a remedy which should be sought in this cause by an appeal. The application for an injunction in this cause does not recommend itself as a step to which, in view of the pending appeal, relatrix is entitled. She has urged no new ground for the injunction. The grounds of the application for an injunction are substantially those which were presented as a ground of defense, which can best and more thoroughly be considered in passing upon the merits of the case on the appeal.

It is quite true that this court is authorized to review the action of the district court in refusing to grant a preliminary injunction, and it is also quite true that mandamus may lie under the supervisory powers granted by the Constitution. The jurisdiction thus conferred does not, however (not the least necessity appearing), enable the party to substitute proceedings by mandamus to proceedings by appeal.

All the defenses here presented can be urged on the appeal, and therefore afford no ground for an injunction. O'Connor v. Sheriff et al., 30 La. Ann. 442.

Mohr v. Marks, 39 La. Ann. 578, 2 South. 540, offers scant support to relatrix's contention.

The court refused the mandamus and decreed that the judge a quo had not exceeded his authority in declining to issue the writ of injunction.

It appears on page 394 of the same Annual (Felix v. Wagner, 39 La. Ann. 394, 1 South. 926) that this court held that the right to the writ had been enlarged by a constitutional provision, but the court said that it did not follow "that the writ may always be invoked, instead of an appeal;" that such a change would be too radical a departure, and could not be thought of for that reason.

The next case cited for relatrix (State ex rel. Jacobs v. Judge of Eleventh Dist. Court, 40 La. Ann. 206, 3 South. 561) is, in our view, equally as inconclusive of the issues here; for in this cited case there are material differen-ces between the first and the second injunction proceedings.

This is different from the issues in the pending case, in which the court found that the grounds of defense are substantially the same.

In the next case (State ex rel. Louisiana Board of Health v. Auditor, 52 La. Ann. 1257, 27 South. 792), the court did issue the writ, after having decided that there was no reme-dy by appeal, and that without the injunc-tion the party was without remedy and that the relator, quoting, "would be without reme-dy"—a situation entirely different from the one at bar. Relatrix not only had the right of appeal, but has exercised the right by filing a transcript of appeal in this court.

The judge a quo in the cited case was di-rected to dissolve a preliminary injunction on bond, and thereby avoid a damaging de-lay. Even in that case the court said:

"The more common and proper method of bringing up questions of this kind is by appeal."

That decision lays down no rule of prac-tice applying to the issues before us.

In another cited case the court again held that the judge should issue the injunction when it is manifest that the relator is en-titled to an injunction.

The collection of a tax had been enjoined, and the issues were of an entirely different nature.

The relatrix in our case had had her days in court. There had been no particular emer-gency requiring an injunction to protect the right.

Still in another case this court stated:

"True it is that a great many cases can be cited wherein mandamus will not issue if an adequate and sufficient remedy presented itself by appeal."

But the court held that, if the remedy were inadequate or ineffectual, mandamus lies to compel the granting of an injunction—citing State ex rel. Murray v. Lazarus, 36 La. Ann. 582; State ex rel. Orleans R. Co. v. Judge of Civil District Court, 35 La. Ann. 218.

Although relatrix no longer has any right to a suspensive appeal, her devolutive ap-peal remains. If the former appeal was not perfected, it affords no good ground to grant the writ of injunction. This court has de-cided that inability to furnish a suspensive appeal bond furnishes no right to relief by injunction. Dupre v. Anderson, 45 La. Ann. 1134, 13 South. 743.

"A special injunction is one granted for the prevention of irreparable injury, when the preventive aid of the court is the ultimate and only relief sought and the primary equity in-volved in the suit." Current Law, vol. 4, p. 96, § 1.

The law or equity of the case should be brought up on the appeal.

Quoting again:

"In every instance in which an injunction is sought, the bill should be explicit in disclosing the obstacles to adequate redress at law; the doctrine being elementary that a party who has a plain, speedy, and adequate remedy at law is not entitled to go into equity and ask for an injunction." Enc. of P. & P., vol. 10, p. 953, § 3.

This brings us to a consideration of anoth-er of relatrix's grounds, to wit, the right of relatrix to sue to annul and enjoin the exe-cution of a judgment, although she had not presented her defense on the trial of the case.

We will not discuss that proposition at any length. Its application to the issues are not direct and conclusive, for the wife did plead on the trial that the debt was her husband's. The wife had already made her defense on this ground.

In the cited cases by relatrix (Baines v. Burbridge, 15 La. Ann. 629, and others) it was not alleged in the first suit that the wife had undertaken to make herself a surety for

her husband's debts. In the case expressly cited above the wife had confessed judgment. Nothing was said about the character of the debt. In subsequent proceedings she made it appear that it was her husband's debt.

The wife who confesses judgment, or against whom a judgment has been rendered without her confession, may in subsequent proceedings attack the judgment on the ground that the debt was her husband's. But the wife, who has mortgaged her property and who was previously authorized by the judge, as shown by his certificate, is not entitled to an injunction on plea previously pleaded, unless she proves on her application for the injunction, in answer to a rule nisi, that she was condemned to pay her husband's debt by the judgment she seeks to enjoin.

Married women, though entitled to special consideration under the rules of practice, must be held to some degree of compliance with these rules when the purpose is to prove that the case falls within the terms of some prohibitory law.

Unquestionably, as an independent proposition, the wife has the right to enjoin the seizure of her separate property by creditors of her husband.

But here the situation does not sustain that single proposition, by reason of the fact that the wife's separate property was mortgaged by her. She interposed the defense in the original suit that the mortgagee was not a creditor of the husband. When she applied for the injunction, this defense, which she had pleaded in the original suit, was unavoidably before the court and entirely within the court's knowledge.

If the district judge for apparently good reasons thinks that the injunction should not be granted, the relator does not have an absolute right to a mandamus to compel him to grant the writ of injunction.

The applicant for the injunction has two remedies of which he can avail himself:

(1) The right to appeal from the order of the district judge refusing to grant the writ of injunction.

(2) The right to present the defense in the original suit, now on appeal.

The right must be clear and legal in order that mandamus may legally issue.

The writ, when it issues, goes to the court below to compel action. Here the court has acted, and the wife is entitled to an appeal.

A writ of mandamus will not be granted, when another action or proceeding affecting the issue is pending, except in extreme cases. Enc. of Pl. & P. vol. 13, p. 503; Id., vol. 7, No. 1.

A writ of mandamus cannot properly be granted to a party who has previously for the same cause of complaint instituted proceedings in equity, in which full, complete, and specific relief may be afforded him. Hardcastle v. Maryland & D. R. Co., 32 Md. 32; Rauschmeyer v. Bank (Pa.) 2 Law T. (N. S.) 76; Id., note.

We would pursue the subject further, were it not that we wish to avoid expressing an opinion on the merits.

For reasons expressed, the law and the evidence being with respondent, it is ordered, adjudged, and decreed that the order nisi, which was issued, is recalled and discharged, and applicant's petition and her demand are dismissed.