BREAUX, C. J.
The plaintiff sought to obtain an injunction to prevent the execution of defendant’s judgment.
The respondent judge states, in substance, in his answer to the rule issued by this court, that in an amended answer plaintiff averred that at least $8,200 of the amount for which she was sued was her husband’s debt, but that on the trial she made no attempt to sustain that plea; but afterwards her counsel, finding a statement, in her petition to the district judge praying to be authorizéd to borrow the amount sued for, “that only part of the money to be borrowed was for her benefit,” seized upon this statement and made it the basis of his argument and contention that no part of the debt was due by the relatrix.
The motion was made to correct this statement in the petition, as it seemed that it was an error which the court, having discovered, very properly ordered to be corrected.
After this error had been corrected, the court rendered a judgment for plaintiff. It was the judgment rendered in this case which plaintiff sought to enjoin.
On her rule for this injunction it appears that some evidence was offered by respondent which the district judge heard. He refused to grant the writ of injunction. She applied to this court for a writ of mandamus.
We do not think the writ should issue. Relatrix has not shown that she is entitled to it. She began to urge in the first suit that the liability was her husband’s. In the application for the injunction she averred, in a general way, that the liability was her husband’s, but failed to establish to the satisfaction of the district judge that such was the fact. The district judge thought that the defense in both suits was about the same. With the pleas and the evidence before us, we would not be justified in holding that the judge erred.
There must be an end to litigation, and married women, as well as others, must be held to the exercise of some vigilance in presenting their defenses.
The plaintiff was met by a certificate, which had been issued to her on her oath, authorizing her to mortgage the property, and which established at least a prima facie indebtedness.
It devolved upon her to promptly show that the certificate had been issued in error and that the mortgagee was not entitled to its protection.
This was not done.
We have carefully read the different decisions relating to those emergencies in which it was deemed proper to allow an injunction to issue. We have not found that this cause falls within any of these decisions.
As relates to mandamus there was no grave error committed, if any error at all was committed; no absolute right denied; no prejudicial order given requiring immediate attention. The general rule does not require that in such a condition mandamus should be issued.
For reasons assigned here, and for reasons assigned in the case of Mrs. M. R. Beasley v. A. F. Jenkins, 42 South. 145,[1] it is ordered, *587 adjudged, and decreed that the rule nisi be recalled and discharged. Applicant’s petition, as well as demand, dismissed.

 Ante, p. 577.