(67 South. 969)

No. 20952.

GRETNA EXCHANGE & SAVINGS BANK v. MARRERO, Sheriff, etc.

(Feb. 23, 1915. On Application for Rehearing, March 22, 1915.)

*(Syllabus by the Court.)*

TAXATION ☞197—EXEMPTION — OPERATION OF STATUTES.

Act No. 138 of 1856, relative to municipal and parochial taxation in the parish of Jefferson, was superseded by Act No. 136 of 1898, relative to the creation and organization of municipal corporations. A law which exempts property within the limits of municipalities from parish taxation and provides for contributions by the municipalities for the purpose of paying the general expenses of the parish is utterly inconsistent with a law which contains no such exemption, no such provision for contributions, and confers the power of taxation for municipal purposes only.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 315, 316; Dec. Dig. ☞197.]

Provosty, J., dissenting.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by the Gretna Exchange & Savings Bank against L. H. Marrero, Sheriff and ex officio Tax Collector. From a judgment for defendant, plaintiff appeals. Affirmed.

W. J. Waguespack, Fred A. Middleton, and Robert H. Marr, all of New Orleans, for appellant. L. H. Marrero, Jr., of New Orleans, for appellee. F. S. Weis, Howe, Fenner, Spencer & Cocke, Denegre, Leovy & Chaffe, and T. M. & J. D. Miller, all of New Orleans, amici curiæ.

LAND, J. The crucial question involved in this litigation is stated in plaintiff's brief as follows:

"The Gretna Exchange & Savings Bank brings this action to enjoin the sheriff of the parish of Jefferson from seizing its property for the parish taxes of 1913, on the ground that said property is situated within the incorporated limits of the city of Gretna, and for that reason owes no parish tax because of the provisions of Act 138 of 1856."

The facts are stated in plaintiff's brief as follows:

"Both sides admit that the city of Gretna was incorporated on the 17th and organized on the 24th of May, 1913; that all the property within the limits of said city was regularly assessed for the year 1913; that the assessments were exposed for inspection, and passed upon by the police jury, sitting as a board of reviewers as required by law, viz., in July, 1913, Act 170, section 24 of 1898; that the police jury levied a parochial tax on all the property in the parish of Jefferson on the first Wednesday of July, 1913, and that this tax is for the same purpose and on the same property as that levied by the city of Gretna, which also levied its 1913 tax; that plaintiff has paid all the taxes levied by the City of Gretna for the year 1913."

"It is admitted also that the city of Gretna appointed its member of the parish committee, in compliance with Act 138 of 1856, for the purpose of adjusting the taxes between the city and the parish, and that plaintiff deposited in court all of the taxes claimed by defendant for 1913 except the parish tax in contestation."

The city of Gretna was incorporated under the general incorporation law (Act 136 of 1898), which does not exempt property within its limits from parochial taxation. The statute provides a mode by which existing municipalities, which have not come under its provisions, may do so by amendment of their charter.

Plaintiff claims that the city of Gretna is exempt from parish taxation by Act No. 138 of 1856, the provisions of which apply only to the parish of Jefferson. Under the scheme of taxation provided in said act each municipality contributed towards defraying the expenditures, which by law bore upon the whole parish, on a ratio based upon the proportion of states taxes assessed within the limits of the corporation. The act provided for the creation of a parish committee, to fix the pro rata contribution of each municipality, to examine all bills or claims set

up against the parish, and to report thereon to the several councils and police jury for final action, but with no power to bind the corporations of the parish of Jefferson, without having been first duly authorized by special resolution adopted by a legal majority in each of the corporations constituting said parish. Under this act, the police jury levied no taxes on property within the limits of the municipalities of the parish. Jefferson City, in 1870, and the city of Carrollton, in 1874, the two largest of these municipalities, were annexed to the city of New Orleans. In the year 1884, the parish seat was located at Gretna, which gradually developed into a community, which is thus described in Fortier's Louisiana, vol. 1, p. 481:

"Gretna, the parish seat of Jefferson parish, was laid out by the St. Mary Market and Ferry Company in 1839, and was made the seat of justice in 1884. It is to-day practically a suburb of New Orleans, with a population of 3,500. It has important manufactures in cotton seed oil, cooperage, brick, moss, lumber, etc., and a number of first-class mercantile establishments."

This thriving community, however, was not incorporated as a municipality until May, 1913, as stated supra.

The case of Felix v. Wagner, 39 La. Ann. 391, 1 South. 926, has no application, because the city of Kenner was incorporated in 1873, under the régime established by Act No. 138 of 1856.

The city of Gretna was incorporated under the Municipal Corporation Act of 1898, in reference to which this court has said:

"The scheme of the Constitution is that * * * all corporations shall be governed by general laws, which scheme imposes upon the General Assembly the obligation to enact such law * * * in the discharge of that obligation, the General Assembly passed Act No. 136 of 1898, as a general law, under which municipal corporations are authorized to be established, and from which alone those which are so established can derive any power or authority whatever, since beyond it they have, and can have no existence." Powell v. Town of Providence, 127 La. 71, 53 South. 431.

The said statute confers on municipal corporations organized under its provisions no exemption whatever from parochial taxation, nor does it impose on them the burden of contributing to the payment of parish expenses. The general rule is that the incorporation of a town within the limits of a parish does not exempt the property and inhabitants thereof from parochial taxation, unless such exemption is expressed in some legislative act. Felix v. Wagner et al., 39 La. Ann. 393, 1 South. 926. The provisions of Act 136 of 1898 relative to taxation cannot be reconciled with those of Act 136 of 1856, and the latter was consequently repealed or superseded quoad municipal corporations created under the former.

We do not deem it necessary to pass on the question of the constitutionality of section 11 of Act 136 of 1898, or the question of the right of the city of Gretna to levy taxes for the year 1913, raised by the defendant, but affirm the judgment below on the sole ground that all the taxable property within the limits of said city is subject to parochial taxation.

Judgment affirmed.

O'NIELL, J., concurs in the decree only as to the taxes of 1913, and only because the city of Gretna could not levy taxes for that year, in which it came into existence.

On Application for Rehearing.

PER CURIAM. Rehearing refused.

See dissenting opinion of PROVOSTY, J., 67 South. 970.